4

GREGORY S. POWELL #182199
Assistant United States Trustee
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for Tracy Hope Davis,
United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>JAVIER CRUZ ESPINOZA,<br><br>                Debtor. | Case No. 12-18603-B-7<br>Chapter 7<br><br>UST-001 |
| TRACY HOPE DAVIS,<br>United States Trustee,<br><br>                Plaintiff,<br>v.<br><br>JAVIER CRUZ ESPINOZA,<br><br>                Defendant. | A.P. No. 14-1139<br><br>DATE:  February 26, 2015<br>TIME:   9:00 a.m.<br>PLACE: United States Bankruptcy Court<br>          Department B, Courtroom 12<br>          2500 Tulare Street, Fifth Floor<br>          Fresno, California<br><br>Judge: W. Richard Lee |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On February 26, 2015, the Court considered the United States Trustee's complaint to revoke the Defendant's discharge. Having reviewed the pleadings and considered the arguments, the Court now issues the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. The Defendant filed a Chapter 7 voluntary bankruptcy petition on October 10, 2012.

2. James Salven was appointed the chapter 7 trustee ("Trustee").

3. The Defendant received a discharge on February 20, 2013.

RECEIVED
March 05, 2015
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0005464355

4. On August 26, 2013, the Court entered an order requiring the Defendant to turn over a 1988 Corvette and a 2006 Mercedes ("Turnover Order").

5. On May 2, 2014, the Trustee sent a letter to the Defendant, through counsel, informing counsel of the Turnover Order and demanded the immediate turnover of the vehicles. The letter provided that if the matter was not resolved by May 31, 2014, the matter would be referred to the United States Trustee for failure to comply. A copy of the letter was also sent directly to the Defendant.

6. The Trustee formally served the Turnover Order on the Defendant on May 14, 2014.

7. The Defendant has failed to comply with the Turnover Order.

## JURISDICTION, VENUE, AND STANDING

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157, and 11 U.S.C. § 727(d). This ~~patter~~ is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J), and (O). Venue is appropriate in this court pursuant to 28 U.S.C. § 1409(a).

The Plaintiff is an official of the United States Department of Justice duly appointed by the Attorney General to supervise the administration of bankruptcy cases and trustees in the Eastern District of California. The Plaintiff is statutorily charged with the responsibility pursuant to 28 U.S.C. § 586(a) to supervise the administration of bankruptcy cases. The Plaintiff has standing to seek revocation of the Defendant's discharge in this case pursuant to 11 U.S.C. §§ 307 and 727(e).

///

///

///

## CONCLUSIONS OF LAW

**A. Default Judgment Standard**

The Plaintiff requests default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Rule 7055 of the Federal Rules of Bankruptcy Procedure. The Plaintiff is entitled to entry of judgment by default as a matter of law because the Defendant has failed to appear, answer or otherwise defend the action. The Plaintiff's evidentiary submissions are sufficient proof of the elements necessary to grant relief as requested in the complaint.

**B. Revocation of Discharge Pursuant to 11 U.S.C. § 727(d)(3)**

Section 727(e) provides:

> "The trustee, a creditor, or the United States trustee may request a revocation of a discharge—
> (1) …
> (2) under section (d)(2) or (d)(3) of this section before the later of—
>  (A) one year after the granting of such discharge; and
>  (B) the date the case is closed.

Pursuant to Section 727(e)(2), the Plaintiff seeks to revoke the Defendant's discharge under Section 727(d)(3) because the Defendant "committed an act specified in subsection (a)(6) of this section[.]" Specifically, the Defendant failed to obey a lawful order of the Court pursuant to Section 727(a)(6)(A). The Defendant refused to obey a lawful order of this Court entered on August 26, 2013.

///
///
///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, the Court concludes that the Defendant's discharge should be revoked because the Defendant failed to obey a lawful order of this Court entered on August 26, 2013. A separate judgment will be issued.

Dated: Mar 06, 2015

_____
W. Richard Lee
United States Bankruptcy Judge